UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES COCKERHAM,

    Plaintiff,

    v.

SHEILA LOVE,

    Defendant.
_____/

Case No. 23-12190

Hon. George Caram Steeh

ORDER GRANTING APPLICATION TO PROCEED
*IN FORMA PAUPERIS* AND DISMISSING COMPLAINT

Appearing *pro se*, plaintiff James Cockerham filed a complaint and an application to proceed without prepayment of fees on August 25, 2023. The court finds plaintiff's application to proceed *in forma pauperis* to be facially sufficient and, therefore, grants plaintiff's motion to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a); *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262 (6th Cir. 1990).

Once a court grants a plaintiff permission to proceed *in forma pauperis*, it must review the complaint pursuant to 28 U.S.C. § 1915(e)(2). The court "shall dismiss" the case if the court finds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii)

seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Plaintiff, who is serving a state sentence, brings this case under 42 U.S.C. § 1983 against Sheila Love, the court reporter in his 2020 state criminal trial. Plaintiff alleges that Love fabricated testimony during his trial in violation of his substantive due process rights under the Fourteenth Amendment. In particular, he asserts that Love changed and fabricated the testimony of three forensic scientists who testified at his trial regarding the analysis of the victim's rape kit. Plaintiff contends his appeal was hampered because of the tampered trial transcript. Plaintiff seeks declaratory and monetary relief.

To the extent that the plaintiff's complaint concerns the validity of his state criminal proceedings, it is subject to summary dismissal for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of continued confinement. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his or her imprisonment if a ruling on the claim would necessarily render his or her continuing

confinement invalid, until and unless the reason for that confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. *Id*. at 487-89.

*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). The underlying basis for the holding in *Heck* is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486.

Here, plaintiff alleges that Love's conduct deprived him of the ability to properly appeal his criminal convictions. To that extent he is challenging the validity of his state criminal proceedings, such claims are barred by *Heck* and must be dismissed. *See Thomas v. Pleasant*, 28 F. App'x 436, 437 (6th Cir. 2002) (upholding dismissal of civil rights complaint against court reporters based upon *Heck*). To the extent that he asserts that

material inaccuracies in his trial transcripts are impeding his due process right to a fair appeal or are otherwise affecting his ability to obtain post-conviction release, such claims are also barred by *Heck*. *Id*. ("In this case, it is clear that Thomas is actually seeking habeas corpus relief, inasmuch as his claim addresses his state criminal trial proceedings and his appellate rights. Such claims are not properly brought under § 1983 until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.")

For the reasons stated above, the court concludes that the plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, the court dismisses plaintiff's civil rights complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

Accordingly, IT IS HEREBY ORDERED that plaintiff's complaint is DISMISSED.

Dated: September 21, 2023

                                            s/George Caram Steeh
                                            GEORGE CARAM STEEH
                                            UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 21, 2023, by electronic and/or ordinary mail and also on James Cockerham #206723, Baraga Maximum Correctional Facility, 13924 Wadaga Road, Baraga, MI 49908.

s/Michael Lang
Deputy Clerk